[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' DISSOLUTION OF MARRIAGE
The Court, having reviewed the pleadings and the evidence, as well as the statutory prerequisites relative to dissolutions, makes the findings and enters the orders set out in this memorandum of decision.
 I. FINDINGS
Eloise Forte and Thomas A. Lee were married on June 20, 1980 in New Haven, Connecticut. They have two children issue of the marriage, to wit: Dana, born on January 15, 1984, and Erica Lee, born on May 21, 1986. Plaintiff Eloise Lee is now 43 years of age. The defendant is 44 years of age. The plaintiff has been the primary care taker of Dana and Erica.
After graduating from high school Eloise Lee began her employment with the City of New Haven. She started there in February of 1970. Presently she is the administrative assistant to the Fire Chief of the City of New Haven. The plaintiff has worked continuously throughout her marriage, except for a nine-month period of maternity leave. After graduating from high school Thomas Lee became a highly skilled printer. Currently he operates an off-set printing press at Sikorski Aircraft Company.
The plaintiff describes her husband as a person who worked regularly, and for most of their marriage prior to their separation did his part in helping to support the family financially. On the social side, he is described by her as not a good dresser, and one who disfavors and is reclusive at outside social functions. She testified that they did not have a social life, and that the defendant is not a communicator. They did not dine at restaurants nor go to the movie shows.
The parties acquired an estate during their nineteen-year marriage. In October 1981 they purchased a multifamily dwelling at 191 St. John's Street in the Wooster Square Section of New Haven. The financing for this purchase consisted in part of a loan from the plaintiffs parents in the amount of $11,500, secured only by a demand note. After the property was purchased the plaintiffs father gave her $4,200 for necessary repairs. In September of 1990 the parties built their marital residence at 54 Leigh Drive in East Haven, Connecticut.
Each party accumulated a retirement account with his/her respective employer. Defendant Thomas Lee acquired an IRA account at the New Haven Savings Bank. CT Page 656
During the trial it was revealed that Arthur J. Lee, the defendant's father, has purchased various securities in companies such as Exxon, GE, Invesco and Waterhouse, and that he has registered these stocks in his and the defendant's name jointly. Arthur J. Lee did not reveal these purchases to his son until recently. As of June 22, 1999 the value of the Exxon stock was $5,920. As of June 30, 1999 the securities in the Invesco Funds Group were valued at $5,307.50 and those in Waterhouse Securities were valued at $15,455.72. As of July 26, 1999 the defendant's joint interest in securities in GE was valued at $4,788. Arthur J. Lee purchased these stocks in their joint names with rights of survivorship so that in the event of his death these assets could be transferred to his son without probate administration.
The parties separated during the summer of 1980. At that time Thomas Lee had at least $43,000 in his IRA account. He withdrew $1,930 from the account to pay the balance of the mortgage on the muti-family residence at 191 St. John Street. Later he withdrew the balance of the funds from this account — in contravention of the automatic orders established by the court pursuant to Section 25-5 of the Connecticut Practice Book. On April 14, 1999 Judge Barry Stevens found that on March 23, 1999 the defendant had transferred into his possession approximately $37,256.00 in violation of the automatic orders. The court has considered the defendant's defiance of the automatic orders.
After the separation plaintiff Eloise Lee sought to repair the marriage through counseling. Although defendant Thomas Lee attended two of the counseling sessions, he was extremely distraught. After one of the sessions he suffered a severe emotional upheaval which required significant therapeutic intervention. The defendant decided to terminate the counseling. Thereafter the plaintiff abandoned hope of reconciliation. The parties have submitted themselves to the jurisdiction of the court for dissolution of their marriage and an equitable disposition of their assets.
 DISSOLUTION OF MARRIAGE
The court finds that the marriage has broken down irretrievably. Accordingly, the marriage is dissolved, and each party is declared single and unmarried.
 II. ORDERS RE' CUSTODY, CHILD SUPPORT, AND ALIMONY
CT Page 657
The court awards custody of minor children Dana and Erica to plaintiff Eloise Lee. The defendant shall have reasonable rights of visitation.
A. Arrearage
The Court finds that on September 21, 1999 defendant Thomas Lee owed to the plaintiff an arrearage of $3,307.75. This figure represents unpaid alimony, child support and an amount due on credit card indebtedness.
The defendant shall pay off this arrearage at the rate of $25.00 per week, commencing January 24, 2000.
B. Current Child Support
The defendant shall continue to pay $182.00 per week as current child support, secured by an immediate wage garnishment.
C. Alimony
Having considered the criteria in Conn. Gen. Stat. Sec. 46b-82, the Court orders defendant Thomas Lee to pay $20.00 per week as alimony until May 21, 2004 — the date of the eighteenth birthday of minor Erica Lee.
III. PROPERTY ALLOCATION
 A. Property at 54 Lee Street
The court awards to plaintiff Eloise Lee sold legal title and ownership of premises known as 54 Leigh Street, in East Haven, Connecticut. Plaintiff Eloise Lee shall indemnify and hold defendant Thomas Lee harmless as to any mortgage, tax, and assessment obligations on said premises. The court also awards to the plaintiff all of the furnishings and personal property associated with said premises.
B. Property at 191 St. John's Street
The court awards to plaintiff Eloise Lee a sixty (60) per-cent title and ownership interest in realty known as 191 St. John's Street in New Haven, Connecticut. The remaining forty (40) per-cent -title and ownership-interest in this realty is awarded CT Page 658 to defendant Thomas Lee. The court also awards to the plaintiff all of the personalty associated with the premises. The plaintiff shall be entitled to purchase from the defendant his title- and ownership -interest in the realty at 191 St. John's Street by tendering on or before July 1, 2000 good funds representing the value of his forty-per cent interest.[1] Upon the plaintiff making said tender, the defendant shall transfer his interest to the plaintiff.
If the plaintiff does not make the aforesaid tender, the realty shall be placed upon the market no later than August 1, 2000 for sale. The plaintiff shall receive sixty per cent and the defendant forty percent of the proceeds from the sale after the deduction of mortgage and customary closing expenses. Another deduction prior to distribution of the proceeds is $11,500, representing payment of the demand note of plaintiffs parents.
Until the aforesaid tender by the plaintiff or until the realty is sold, the defendant is entitled to continue to reside in his apartment unit at 191 St. John's Street, provided he pays to the plaintiff $500.00 per month for using and occupying the unit. The payment of $500.00 per month for use and occupancy shall be made on the first day of each month, commencing on February 1, 2000. If the defendant fails to make use and occupancy payments, he shall remove himself from the unit so that the plaintiff may rent it to third persons.
The plaintiff solely shall be entitled to collect the rents of the other tenants and to manage the property at 191 St. John's Street. Until the property is sold or transferred by the plaintiff, she solely shall be responsible for the mortgage on the property, and in this regard, she shall hold the defendant harmless therefrom.
C. Additional Assets
1) Securities
Defendant Thomas Lee is joint owner with his father of the following securities: Exxon, GE, Invesco Funds Group, Waterhouse, which had a value of $41,471.22 as of July 30, 1999. The defendant's one-half interest in these securities is at least $20,735.61. The defendant shall retain his ownership interest in these securities. CT Page 659
2) Retirement and Pension Accounts
As stated earlier defendant Thomas Lee violated the automatic orders of this court by withdrawing and disposing of more than $37,000 from his Individual Retirement Account.
Plaintiff Eloise Lee's pension with the City of New Haven has not vested, although she has contributed at least $32,984.10 to this plan. In addition the plaintiff has approximately $670.00 in a separate retirement savings plan.
The Court awards to plaintiff Eloise Lee the entirety of her interest in her pension and retirement savings plan.
3) Miscellaneous Cash Accounts and other Assets
The plaintiff owns an Allstate Insurance Company policy with a cash value of $2,829. The defendant owns an Allstate Insurance Company policy with a cash value of $2,829. Each party shall keep the cash value of the Allstate Insurance Company policy in his or her name. With the exception of the custodian and escrow referred to below, each party shall own any other remaining assets listed on her/his financial affidavit.
The plaintiff is the custodian of a burial account for her mother, as well as the custodian of an escrow account holding security deposits for the tenants at 191 St. John's Street. These accounts shall remain under her control.
4) Automobiles
The plaintiff shall be the sole owner of the 1996 Lumina Chevrolet. The defendant shall be the sole owner of the 1991 Harley Davidson Sportster, and shall be responsible solely for paying any indebtedness related thereto.
 IV. INDEBTEDNESS
The parties have listed their indebtedness on their financial affidavits. The Court orders defendant Thomas Lee to be solely responsible for, and to indemnify plaintiff Eloise Lee as to any liability for the Visa account listed on his financial affidavit in the amount of $13,000. Each party shall be solely responsible for the remaining indebtedness listed on her/his financial affidavit and hold the other harmless therefrom. CT Page 660
 V. COUNSEL FEES
Each party shall be responsible for paying his/her counsel fees.
Clarance J. Jones, Judge